## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE ALFORD, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   CASE NO. |
| v. | ) |
| | )   <u>JURY TRIAL DEMANDED</u> |
| BRANDON STEVEN MOTORS, INC. | ) |
| D/B/A EDDY'S TOYOTA | ) |
| 7333 E. KELLOGG DR. | ) |
| WICHITA, KS 67207 | ) |
| | ) |
| AND | ) |
| | ) |
| DANNY AL-WIDYAN | ) |
| 7333 E. KELLOGG DR. | ) |
| WICHITA, KS 67207 | ) |
| | ) |
|       Defendants. | ) |

## **COMPLAINT**

COMES NOW Plaintiff, Leslie Alford ("Plaintiff"), by and through his attorney, and alleges the following against Defendant Eddy's Toyota ("Defendant"):

### **NATURE OF THE CLAIM**

1. This action for legal and equitable relief arises under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and under 42 U.S.C. § 1981 and generally alleges racial harassment and discrimination in employment, and retaliation for complaints thereof.

2. Plaintiff seeks compensatory and punitive damages.

### **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. § 1331, jurisdiction is proper in this Court because this civil action arises under the laws of the United States.

4. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## PARTIES

5. Plaintiff Les Alford is an African-American male citizen of the United States residing at all relevant times and continuing to reside in the State of Kansas.

6. Defendant is a Kansas Corporation authorized to do business and doing business in the State of Kansas.

7. Defendant previously employed Plaintiff at its facility in Wichita, Kansas.

8. Defendant employs one hundred and one or more employees in the U.S.

9. At all times mentioned herein, each of the Defendant's employees named in this Petition were the agents, servants and employees of Defendant acting within the course and scope of their employment.

## ADMINISTRATIVE PROCEEDINGS

10. On May 03, 2018, Plaintiff filed a timely Charge of Discrimination with Equal Employment Opportunities Commission (EEOC). A copy of the charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

11. On February 22, 2019 the EEOC issued Plaintiff his Notice of the Right to Sue pursuant to Title VII. A Copy of the right to sue is attached hereto as **Exhibit B** and is incorporated herein by reference.

12. This action has been filed with this Court within 90 days of Plaintiff's receipt of his right-to-sue notice from the EEOC. Accordingly, Plaintiff has complied with all administrative prerequisites before filing this action.

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

13. In March 2017, Plaintiff began employment with Defendant as a Team Leader and was later promoted to Sales Manager.

14. Prior to his termination, Plaintiff had never been issued discipline while employed with Defendant.

15. Approximately two weeks after Plaintiff's employment began a manager's meeting was held.

16. During the meeting Danny Al Widyan, the General Sales Manager and Plaintiff's direct supervisor, told everyone that he had hired the right "nigger" for the job.

17. Plaintiff informed Al Widyan there was no need to talk like that and that his behavior was offensive and unwelcome.

18. Undeterred, Al Widyan later told Plaintiff at a work lunch that he liked to hire "niggers" because they work hard.

19. A few weeks later, Al Widyan overheard Plaintiff telling another employee that Plaintiff was buying a home.

20. After learning this, Al Widyan explained to Plaintiff that he was trying to sell his home and asked Plaintiff to look at it.

21. During a subsequent visit to Al Widyan's home, Al Widyan drove Plaintiff around the neighborhood and pointed out to Plaintiff where all the "niggers" that lived in his neighborhood were living and Plaintiff told him that he did not want that word used and it was offensive.

22. Al Widyan continued, telling workplace colleagues including General Manager Jim Lowe that he knew Plaintiff did not vote for Trump because Plaintiff was a Democrat and a "fucking nigger."

23. Al Widyan repeatedly told Plaintiff that his race was better than theirs, would refer to other African-Americans in Plaintiff's presence as "niggers," (and would call other races offensive terms such as "wetbacks" and "sand niggers") and repeatedly made similar offensive and hateful race-based comments.

24. The above described conduct was severe and pervasive and affected the terms and conditions of Plaintiff's employment.

25. Plaintiff continually complained to Stephanie Fawcett, the head of Human Resources, about this conduct and these offensive words and made it clear, throughout, to Danny Al Widyan that his behavior was offensive and unwelcome.

26. Thereafter, Plaintiff was demoted from Desk Manager to Floor Manager.

27. Defendants also began underpaying Plaintiff for work performed, in an apparent effort to make Plaintiff quit.

28. On December 24, 2017, Al Widyan came into Plaintiff's office and said that he could not believe they were making all the "niggers" work on Christmas Eve.

29. After this incident, Plaintiff was moved from Toyota to Ford although Defendants knew at that time that the Ford Dealership was going to be sold and all Ford employees were going to lose their jobs.

30. As a result, Plaintiff's pay was reduced and he ultimately lost his job entirely.

31. At all times mentioned herein, Al Widyan and Fawcett were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

**COUNT I: HARASSMENT ON THE BASIS OF RACE
AND RETALIATION IN VIOLATION OF 42 U.S.C. 1981**

32. Plaintiff incorporates by reference each preceding paragraph in this Complaint as if fully set forth here.

33. Defendant had a contract for employment as construed pursuant to 42 U.S.C. §1981.

34. As outlined above, during Plaintiff's employment with Defendant, Defendant denied Plaintiff the same right to make and enforce contracts and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and has retaliated against Plaintiff for complaining about the same, in violation of 42 U.S.C. 1981.

35. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of wages and benefits, harm to his employment reputation and resulting damage to his career, and mental distress in the form of embarrassment, degradation and humiliation, and has incurred costs and expenses in the brining of this suit including attorney's fees.

36. The conduct of Defendant was intentional, malicious and/or outrageous and evidenced an evil motive or reckless indifference to the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages in such amount as is reasonable to compensate him for his actual losses, prays for punitive damages, prays for attorney's fees, prays for all costs and expenses and further prays for such other and further relief as may be just in the premises including equitable relief in the form of a declaratory judgment that Defendants' conduct has violated the law.

## COUNT II: HARASSMENT ON THE BASIS OF RACE
## IN VIOLATION OF TITLE VII

37. Plaintiff incorporates by reference each preceding paragraph in this Complaint as if fully set forth here.

38. Defendant's racial harassment was severe and pervasive and affected the terms and conditions of Plaintiff's employment.

39. Plaintiff was subjected to a hostile and offensive work environment based on his race, African-American, which he found and which a reasonable person would find to be offensive.

40. The conduct at issue was engaged in by Plaintiff's direct supervisor, for which Defendant Brandon Steven Motors should be found vicariously liable.

41. Plaintiff's race was a motivating factor in Defendants' harassment of Plaintiff and in Brandon Steven Motors' eventual transfer and termination of Plaintiff.

42. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of wages and benefits, harm to his employment reputation and resulting damage to his career, and mental distress in the form of embarrassment, degradation and humiliation, and has incurred costs and expenses in the brining of this suit including attorney's fees.

43. The conduct of Defendant was intentional, malicious and/or outrageous and evidenced an evil motive or reckless indifference to the rights of Plaintiff and others similarly situated, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages in such amount as is reasonable to compensate him for his actual losses, prays for punitive damages, prays for attorney's fees, prays for all costs and expenses and further prays for such other and further relief as may be just in the premises including equitable relief in the form of a declaratory judgment

that Defendants' conduct has violated the law.

## COUNT III: RETALIATION FOR COMPLAINING OF DISCRIMINATION, IN VIOLATION OF TITLE VII

44. Plaintiff incorporates by reference each preceding paragraph in this Complaint as if fully set forth here.

45. Plaintiff complaint of discrimination to human resources constitutes a protected activity.

46. Plaintiff's protected activity was a motivating factor in Defendant's decision to reduce Plaintiff's pay and transfer Plaintiff, and eventually terminate his employment, which constitute adverse employment actions.

47. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

48. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

49. The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference to or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

50. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, loss of wages and benefits, harm to his employment reputation and resulting damage to his career, and mental distress in the form of embarrassment, degradation and humiliation, and has incurred costs and expenses in the brining of this suit including attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages in such amount as is reasonable to compensate him for his actual losses, prays for punitive damages, prays for attorney's fees, prays for all costs and expenses and further prays for such other and further relief as may be just in the premises including equitable relief in the form of a declaratory judgment that Defendants' conduct has violated the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all counts and allegations contained herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

Respectfully Submitted,

**GREGORY & ASSOCIATES**

/s/ *Lyle M. Gregory*
Lyle M. Gregory, D.Kan #70437
309 S. Washington
Raymore, MO 64083
Telephone: 816.331.8767
Facsimile: 816.331.9967
Email: kctryit@earthlink.net

**ATTORNEY FOR PLAINTIFF**